NOT FOR PUBLICATION [Dkt. No. 6, 11]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

Ahmed Mohamed Aboudekika,

Plaintiff,

v.

Delaware River and Bay Authority, James Gillespie et al.,

Defendants.

Civil No. 10-5830

**MEMORANDUM ORDER**

Appearances:

Joseph C. Grassi, Esquire
James E. Moore, Esquire
Barry, Corrado, Grassi & Gibson, P.C.
2700 Pacific Avenue
Wildwood, NJ 08260
Attorneys for Plaintiff

William M. Tambussi, Esquire
William F. Cook, Esquire
Eric D. Milavsky, Esquire
Brown & Connery LLP
360 Haddon Avenue
Westmont, NJ 08108
Attorneys for Defendants

**Bumb**, United States District Judge.

Plaintiff Ahmed Mohamed Aboudekika ("Plaintiff") is a former employee of Defendant Delaware River Business Authority ("DRBA"). Defendant James Gillespie ("Gillespie") is his former supervisor at the DRBA. Plaintiff's Amended Complaint asserts seven causes of action against Defendants. Defendants previously moved to dismiss the case and this Court granted the motion, in part, and denied it, in part, with the Court dismissing Counts 1, 2, and 4, allowing Count 3 to go forward, and ordering supplemental briefing on whether Counts 5 through 7 could survive based on a theory of implied contract. That supplemental briefing is now complete. For the reasons that follow, Counts 5 may proceed and Counts 6 and 7 are dismissed.

I. Background

According to the Amended Complaint, Plaintiff was hired by DRBA in July 2009. Plaintiff alleges that, shortly after beginning employment, he was subjected to discriminatory treatment by his co-workers. Plaintiff claims that he reported the discriminatory treatment to Gillespie, that Gillespie failed to investigate the improper treatment, and that, in retaliation for his complaint, Plaintiff was terminated on October 9, 2009. Plaintiff claims that, at the time of his termination, Gillespie orally informed him that he was "more than welcome" to return to

the DRBA the following year.[1] Despite this alleged assurance, DRBA did not rehire Plaintiff when he reapplied for the same position in 2010.

II. Analysis

Counts 5 through 7 allege: a claim under 42 U.S.C. § 1981 for intentional interference with contract by Gillespie in his individual capacity (Count 5), breach of contract by all Defendants (Count 6), and breach of the covenant of good faith and fair dealing by all Defendants (Count 7).

A. Count 5

Plaintiff has not alleged that Gillespie had any involvement in DRBA's decision not to rehire Plaintiff. Therefore, this Court interprets Count 5 as alleging violations under section 1981 arising out of DRBA's alleged retaliatory termination of Plaintiff and predicated on Gillespie's involvement in

---

[1] In the supplemental briefing, Plaintiff claims, for the first time, that in August 2009, he passed on a full-time permanent position at a Florida firm, in reliance on an oral assurance from Defendant Gillespie that he would have full-time, permanent employment with DRBA. Plaintiff also claims that, in order to be hired initially, he was instructed to secure a seaman's license, that he in fact obtained the license, and that he incurred $3,000 in expenses to do so. The Court will not consider these new allegations, raised for the first time in opposition to the Defendants' motion to dismiss. Pa. ex rel. Zimmerman v. PepsiCo, 836 F.2d 173, 181 (3d Cir. 1988)("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Plaintiff’s termination: namely his alleged failure to investigate Plaintiff’s alleged discriminatory treatment and role in the termination of Plaintiff. Defendants contend that Plaintiff’s 1981 claim should be dismissed for three reasons.

First, Defendants argue that Plaintiff’s at-will employee status precludes his claim. Defendants cites no authority for this proposition and this Court joins with the Second, Fourth, Fifth, Seventh, Eighth, and Tenth Circuits, as well as a District Court in this Circuit, in rejecting it United Steel, Paper and Forest, Rubber Mfg., Energy, Allied Indus.and Serv. Workers Int’l Union v. N.L.R.B., 544 F.3d 841, 861 (7th Cir. 2008); Turner v. Arkansas Ins. Dept., 297 F.3d 751, 756 (8th Cir. 2002); Hysten v. Burlington Northern Santa Fe Ry. Co., 415 F. App’x 897, 911 (10th Cir. 2011); McClease v. R.R. Donnelley & Sons Co., 226 F.Supp.2d 695, 700 (E.D.Pa.2002); See also, Pryor v. Nat’l Collegiate Athletic Ass’n, 288 F.3d 548, 570 (3d Cir. 2002)(citing the Fourth Circuit’s rule on this issue with approval).

Second, Defendants contend that Plaintiff’s Section 1981 claim must be dismissed because Section 1983 is the exclusive mechanism to raise a Section 1981 claim. McGovern v. City of Philadelphia, 554 F.3d 114, 120-21 (3d Cir. 2009)(“In sum, because Congress neither explicitly created a remedy against state actors under § 1981(c), nor expressed its intent to

overrule Jett, we hold that the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.")(quotation and citation omitted). However, while Plaintiff's claim is denominated as one under section 1981, Plaintiff alleges that it is brought "pursuant to 42 U.S.C.§ 1983" (Am. Compl. ¶ 30). The Court also notes that the denomination of the count as one under section 1981, rather than section 1983, may very well have been a simple typographical error. The Court will therefore construe this Count as a proper section 1983 claim for violation of rights secured under section 1981. This interpretation is buttressed by the fact that, in the initial motion to dismiss briefing, Plaintiff himself cites Jett v. Dallas Independent School Dist., 491 U.S. 701 (1999), the case Defendants claim compels the dismissal of this claim, and states that "Plaintiff should be permitted to amend his complaint to assert his § 1981 claims against defendant Gillespie individually via 42 U.S.C. § 1983." (emphasis added).

Third, Defendants argue that Gillespie lacked personal involvement in the allegedly discriminatory treatment sufficient to establish a section 1981 claim. Individual defendants can be held liable under section 1983, for conduct arising out of a section 1981 claim, where the plaintiff demonstrates the

defendants' personal involvement through a demonstration of "some affirmative link to causally connect the actor with the discriminatory action." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000)(quotation and citation omitted). "A plaintiff may claim personal involvement by a supervisor by alleging that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiff] by failing to act on information indicating that unconstitutional acts were occurring." Ritterband v, Hempstead Union Free School Dist., No. 06-CV-6628, 2008 WL 3887605, at *5 (E.D.N.Y. Aug. 20, 2008).

Plaintiff's allegations that Gillespie was informed of, but failed to investigate, the alleged discriminatory treatment, and subsequently personally terminated Plaintiff, sufficiently demonstrate Gillespie's personal involvement, at the motion to dismiss stage, to satisfy the affirmative link requirement.

Hawkins v. Cty of Oneida, N.Y., 497 F. Supp. 2d 362, 377 (N.D.N.Y. 2007)(evidence that supervisor had failed to conduct an investigation in earnest was sufficient to survive summary judgment in section 1981 hostile work environment claim); Patterson v. Cty of Oneida, N.Y., 375 F.3d 206, 229 (2d Cir. 2004)("Personal involvement, within the meaning of this concept, includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring."); Smith v. Town of Hempstead Dept. of Sanitation Sanitary Dist. No.2, No. 08-cv-3546, 2011 WL 2837504, at *10 (E.D.N.Y. July 19, 2011). Plaintiff has therefore sufficiently alleged a section 1981 claim against Gillespie.

B. Counts 6 and 7

Counts 6 and 7 claim breach of an implied contract based on Gillespie's alleged statement to Plaintiff that he was "more than welcome" to return. In determining the substantive law that applies to these claims, the Court applies the choice-of-law rules of New Jersey - the forum state. Spence-Parker v. Delaware River & Bay Auth., 616 F. Supp. 2d 509, 523 (D.N.J. 2009). Under those rules, the Court must first assess whether there is any

conflict between the two potential bodies of law applicable here - New Jersey and Delaware. Id.

There is no conflict between New Jersey and Delaware law. Under both state's law, Plaintiff has failed to state a viable claim. Under New Jersey law, absent allegations of detrimental reliance, Gillespie's alleged oral assurance - that Plaintiff was "more than welcome" to return - at best constitutes an offer of at-will employment that the DRBA was "free to rescind . . . at will." Martin v. Port Auth. Transit Corp., No. 09-cv-3165, 2010 WL 1257730, at *5 (D.N.J. Mar. 25, 2010)(applying New Jersey law and dismissing breach of contract and breach of good faith and fair dealing claims on this ground); Peck v. Imedia, Inc., 293 N.J.Super. 151, 167 (N.J.Super.A.D. 1996)("There is merit to the view that it would be absurd to require an employer to actually employ the applicant for one hour or one day so that the [at-will] employee could then be discharged") (citation and quotation omitted).

Delaware law is in accord. E.E.O.C. v. Avecia, Inc., 151 F. App'x 162, 164 (3d Cir. 2005)("The general rule in Delaware is that employees are employed 'at will' and may be dismissed at any time without cause."); Ulmer v. Home Depot, Inc., 471 F. Supp. 2d 474, 476-77 (D.Del. 2007)(listing four exceptions to heavy presumption of at-will employment that can allow a claim of

breach of the covenant of good faith and fair dealing to go forward, none of which are applicable here); Brooks v. Fiore, No. 00-803, 2001 WL 1218448, at *6 (D.Del. Oct. 11, 2001)("The defendants also argue in response that, if accepting new employment alone could support a claim for promissory estoppel, the at-will doctrine would be effectively abolished. The court finds the defendants' argument to be persuasive.")(applying Delaware law). Accordingly, Counts 6 and 7 of Plaintiff's Amended Complaint are dismissed without prejudice.

III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied with respect to Count 5 and granted with respect to Counts 6 and 7.

Dated: October 25, 2011

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE