**BROWN & CONNERY LLP**
William M. Tambussi, Esquire
William F. Cook, Esquire
Eric D. Milavsky, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants, Delaware River and Bay Authority and James Gillespie*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AHMED MOHAMED ABOUDEKIKA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DELAWARE RIVER AND BAY AUTHORITY, JAMES GILLESPIE et al.,**<br><br>**Defendant(s).** | CIVIL ACTION NO. 10-CV-5830<br><br>**ANSWER OF DEFENDANTS DELAWARE RIVER AND BAY AUTHORITY AND JAMES GILLESPIE WITH AFFIRMATIVE DEFENSES, JURY DEMAND, AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2** |

Defendants Delaware River and Bay Authority ("DRBA") and James Gillespie, by their undersigned counsel, answer the First Amended Complaint of plaintiff Ahmed Aboudekika (Document No. 11-2) as follows:

1.  Defendants are without sufficient information or belief as to the allegations of this paragraph. Plaintiff is left to his proofs as to the allegations of this paragraph.

2.  Admit that plaintiff is from Egypt. Defendants are without sufficient information or belief as to plaintiff's religion. Plaintiff is left to his proofs as to this allegation. The remaining allegations of this paragraph are conclusions of law to which

no responsive pleading is required. To the extent a pleading is required, such allegations are denied.

3. Admit that the DRBA is a governmental agency of the State of New Jersey and the State of Delaware. Denied that the DRBA was established in 1961. Admit that the DRBA operates the Cape May-Lewes Ferry Terminals in Cape May, New Jersey and Lewes, Delaware.

4. Admit that Gillespie was the Port Engineer. Deny that he was plaintiff's direct supervisor.

5. The allegations of this paragraph are not directed to defendants, and therefore, no response is required. To the extent any such response is required, the allegations are denied.

6. Admit.

7. Deny. Plaintiff is left to his proofs as to the allegations of this paragraph.

8. Deny. Plaintiff is left to his proofs as to the allegations of this paragraph.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny. Plaintiff was not improperly terminated.

14. Deny. Plaintiff is left to his proofs as to the allegations of this paragraph.

15. Admit.

16. Deny.

### FIRST COUNT

### Retaliation Under the LAD

17-19. Count I has been dismissed with prejudice pursuant to the Court's Order and Opinion dated July 26, 2011. Therefore, no response is required to these paragraphs.

### SECOND COUNT

### Discrimination Under the LAD

20-22. Count II has been dismissed with prejudice pursuant to the Court's Order and Opinion dated July 26, 2011. Therefore, no response is required to these paragraphs.

### THIRD COUNT

### New Jersey Civil Rights Act

23. Defendants incorporate by reference the above responses as if stated fully herein.

24. This paragraph states a conclusion of law to which no responsive pleading is required.

25. This paragraph states a conclusion of law to which no responsive pleading is required.

26. Denied.

27. Denied.

### FOURTH COUNT

### Section 1983 - DRBA

23-28. This Count has been dismissed pursuant to the Court's Order and Opinion dated July 26, 2011, and therefore, no responsive pleading is required to these paragraphs.

## FIFTH COUNT

### Section 1981 – James Gillespie

29. Defendants incorporate by reference the above responses as if stated fully herein.

30. This paragraph states a conclusion of law to which no responsive pleading is required.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

## SIXTH COUNT

### Breach of Contract

36-39. This Count has been dismissed pursuant to the Court's Opinion dated October 25, 2011, and therefore, no responsive pleading is required to these paragraphs.

## SEVENTH COUNT

### Breach of the Covenant of Good Faith and Fair Dealing

40-43. This Count has been dismissed pursuant to the Court's Opinion dated October 25, 2011, and therefore, no responsive pleading is required to these paragraphs.

**WHEREFORE**, Defendants hereby request that this Honorable Court enter an Order dismissing plaintiff's claims in their entirety with prejudice, and for any fees, costs, or other relief as the Court deems equitable and just.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from receiving any relief with regard to the claims set forth in the Complaint by reason of the doctrine of laches, estoppel, and waiver.

3. Plaintiff has failed to mitigate any damages alleged to have been suffered by him.

4. Any damage suffered by the Plaintiff is as result of the actions of persons or entities over which the Defendants have neither the ability nor duty to control.

5. Plaintiff's damages, if any, were caused by his own conduct and not by the Defendants.

6. The incidents and damages described in Plaintiff's Complaint were caused wholly or partly by the negligent or intentional acts of Plaintiff himself, and Plaintiff is therefore barred from any recovery from the Defendants or his recovery should be reduced accordingly.

7. Plaintiff's Complaint is barred by the applicable statute of limitations.

8. Plaintiff's Complaint is barred by the doctrine of fraud.

9. Plaintiff has sustained no damages, no financial loss or any other injury.

10. Defendants have satisfied and discharged each and every obligation, if any, owed to the plaintiff.

11. All relevant times the Defendants acted in compliance with all applicable laws, rules, regulations and standards.

12. Defendants have not breached any common law, contractual or statutory duty owed to plaintiff.

13. Defendants fulfilled all obligations to plaintiff and acted fairly and in good faith.

14. Plaintiff is not entitled to any claim of punitive damages.

15. The allegations contained in plaintiff's Complaint are known by the plaintiff to be frivolous and without any factual or legal basis whatsoever, and as such, said Complaint should be strickened as an improper pleading.

16. At the times and places mentioned in the Complaint, there was no proximate cause between the alleged acts and conduct of the Defendants and the alleged damages suffered by plaintiff.

17. The Complaint should be dismissed through the equitable doctrine of unclean hands.

18. Plaintiff's claims for relief should be dismissed because plaintiff suffered no damages to his property or rights as a result of any actions by Defendants.

19. Plaintiff's claims for relief are barred, or his damages at least should be reduced, because Plaintiff cannot demonstrate that Defendants had the requisite intent for the violations he alleges.

20. Plaintiff's claims are barred, in whole or in part, by the failure of plaintiff to exhaust any applicable administrative remedies.

21. Plaintiff's claims are barred, in whole or in part, by the applicable provisions of the New Jersey Workers Compensation Act.

22. Plaintiff's claims are barred, in whole or in part, by the New Jersey Tort Claims Act.

23. Neither Gillespie nor any other individual defendant is subject to individual liability.

24. Plaintiff did not suffer any adverse employment action.

25. Plaintiff did not engage in protected activity.

**BROWN & CONNERY, LLP**
Attorneys for Defendants

By: */s/ William F. Cook*
     William F. Cook

Dated: November 4, 2011

## JURY DEMAND

**TAKE NOTICE** that the Defendants demand a trial by jury as to all issues so triable.

**BROWN & CONNERY, LLP**
Attorneys for Defendants

By: */s/ William F. Cook*
     William F. Cook

Dated: November 4, 2011

## **CERTIFICATION PURSUANT TO LOC. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                               **BROWN & CONNERY, LLP**
                                               Attorneys for Defendants

                                               By*:*   */s/ William F. Cook*
                                                         William F. Cook

Dated: November 4, 2011