**EXHIBIT A**

JOSEPH C. GRASSI, ESQUIRE
JAMES E. MOORE, ESQUIRE
BARRY, CORRADO, GRASSI & GIBSON, P.C.
2700 PACIFIC AVENUE
WILDWOOD, NJ 08260
PHONE (609) 729-1333 FAX (609) 522-4927
Attorneys for Plaintiff

**FILED**
**OCT 15 2010**
CIVIL DIVISION
SUPERIOR COURT-CAPE MAY COUNTY

| | |
|---|---|
| AHMED MOHAMED ABOUDEKIKA, <br><br> Plaintiff, <br><br> vs. <br><br> DELAWARE RIVER AND BAY AUTHORITY; JAMES GILLESPIE; and JOHN DOES 1-10 (as yet unknown and unidentified municipal, county or state officials, supervisors, agents or employees or entities), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: CAPE MAY COUNTY <br> DOCKET NO: CPM L. 688-10 <br><br> CIVIL ACTION <br><br><br><br> COMPLAINT |

Plaintiff, Ahmed Aboudekika, by way of Complaint against defendants, sets forth the following:

1. Plaintiff was at all times relevant to this complaint, and is currently, a resident of the State of New Jersey.

2. Plaintiff was born in Egypt, and is Moslem. As such, he is a member of a protected class with respect to race and/or national origin.

3. Defendant Delaware River and Bay Authority ("DRBA") is a governmental agency of the State of New Jersey and the State of Delaware, established by compact in 1961. The DRBA operates the Cape May-Lewes Ferry Terminals in Cape May, New Jersey and Lewes, Delaware.

1

4. At all times relevant to this complaint, James Gillespie was employed by the DRBA, and was plaintiff's supervisor.

5. At all times relevant to this complaint, John Doe defendants were DRBA employees, whose identities have not yet been ascertained, who worked with plaintiff in supervisory and/or non-supervisory relationships.

6. In July 2009, plaintiff was hired by the DRBA as a "wiper" on board the vessels of the Cape May-Lewes Ferry. His job responsibilities included working with ship's engineers in ensuring the proper operation and maintenance of the engines on the various ferry vessels used by the DRBA.

7. Upon being hired, plaintiff signed a one year employment contract with the DRBA. Defendant Gillespie signed the contract on behalf of the DRBA.

8. Approximately one month after beginning employment, plaintiff was subjected to discriminatory acts in the form of racial slurs and commentary from his co-workers.

9. Specifically, plaintiff's co-workers frequently expressed to him their belief that his job should not have gone to a "minority", that he was taking work away from qualified "American" workers, and that they couldn't believe they had to work with a minority worker such as plaintiff.

10. Plaintiff verbally informed his supervisor, James Gillespie, about the ongoing racial harassment.

11. Gillespie promised to investigate the complaints and to inform plaintiff about the results of that investigation.

12. Gillespie did not investigate the complaints as promised.

13. On October 9, 2009, plaintiff's employment with the DRBA was terminated by Gillespie, ostensibly for lack of work, and in derogation of the terms of his employment contract.

14. At the time plaintiff's employment was terminated, plaintiff had a clean disciplinary record.

15. The DRBA hired a replacement for plaintiff's position after plaintiff was terminated.

### FIRST COUNT

### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq. - RETALIATION

16. Plaintiff incorporates each and every allegation in the preceding paragraphs.

17. Defendants' conduct as described above constitutes an unlawful employment practice under the New Jersey Law against Discrimination, N.J.S.A. 10:5-1, et seq. ("LAD").

18. In particular, defendants' decision to terminate plaintiff's employment without just cause and in violation of the terms of his employment contract after plaintiff complained of racial harassment, constituted an unlawful reprisal against plaintiff for asserting his rights under the LAD and opposing practices and actions forbidden by the LAD.

**WHEREFORE**, plaintiff Ahmed Aboudekika demands judgment against defendants as follows:

    A. For compensatory damages, including back pay and compensation for past and future monetary and non-monetary losses;

    B. For punitive damages;

    C. For attorneys fees and costs; and

    D. For all other appropriate relief, including declaratory and/or injunctive relief.

### SECOND COUNT

### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq. - DISCRIMINATION

19. Plaintiff incorporates each and every allegation in the preceding paragraphs.

20. Defendants' conduct as described above constitutes an unlawful employment practice under N.J.S.A. 10:5-12(a).
21. In particular, the defendants' failure to properly investigate plaintiff's complaints regarding the improper comments being made about him, constituted unlawful discrimination within the meaning of the NJLAD.

**WHEREFORE**, plaintiff Ahmed Aboudekika demands judgment against defendants as follows:

E. For compensatory damages, including back pay and compensation for past and future monetary and non-monetary losses;
F. For punitive damages;
G. For attorneys fees and costs; and
H. For all other appropriate relief, including declaratory and/or injunctive relief.

### THIRD COUNT

**ACTION UNDER N.J.S.A. 10:6-2 FOR VIOLATIONS OF NEW JERSEY CONSTITUTION**
(Against all Defendants)

22. Each of the foregoing paragraphs is incorporated as if fully set forth herein.
23. Plaintiff has a right under the New Jersey Constitution to be free from discrimination.
24. Plaintiff has a right under the New Jersey Constitution to be free from retaliation for exercising his rights under the New Jersey Constitution.
25. The actions of defendants, as described above, violated those rights.
26. As a proximate result of those violations, Ahmed Aboudekika has been injured as set forth above.

4

**WHEREFORE**, Plaintiff, Ahmed Aboudekika demands judgment against defendants as follows:

- A. For compensatory damages;
- B. For punitive damages;
- C. For attorneys fees and costs pursuant to N.J.S.A. 10:6-2(f); and
- D. For all other appropriate relief.

### FOURTH COUNT

### ENTITY LIABILITY UNDER 42 U.S.C. §1983
### (Against Defendant DRBA)

23. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

24. Defendant DRBA is a governmental entity whose activities constitute state action within the meaning of 42 U.S.C. § 1983.

25. Defendant DRBA has a policy and practice of failing to adequately train and/or supervise their employees to prevent employment discrimination, and to protect employees from retaliatory acts in the workplace.

26. Defendant DRBA has failed to adopt policies to prevent employment discrimination and retaliation in the workplace.

27. Defendant DRBA has a policy and practice of failing to protect their employees from retaliation when they exercise their right to report harassing acts perpetrated on them by their co-workers.

28. As a proximate result of defendant DRBA's policy and practice, Ahmed Aboudekika was injured as set forth above.

**WHEREFORE**, Plaintiff, Ahmed Aboudekika demands judgment against Defendant DRBA as follows:

A.  For compensatory damages;
B.  For attorney's fees and costs pursuant to 42 U.S.C. §1988; and
C.  For all other appropriate relief.

## FIFTH COUNT

### DISCRIMINATION ON BASIS OF RACE UNDER 42 U.S.C. §1981
### (against Individual Defendants)

29. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

30. Plaintiff brings this count for race-based discrimination pursuant to 42 U.S.C. §2000e-2 (Title VII).

31. As a DRBA employee, plaintiff has a contract with the DRBA that is protected against purposeful racial discrimination under 42 U.S.C. §1981.

32. As described above, the individual defendants have intentionally, willfully, wantonly, and/or recklessly discriminated against plaintiff on account of his race with respect to the above contract, and have interfered with plaintiff's ability to make and enforce the above contract.

33. In interfering with plaintiff's ability to make and enforce his contract with the DRBA, defendants have acted under color of state law and in accordance with an established practice, custom, policy or procedure of failing to properly investigate and prevent discriminatory acts against minority workers.

34. Defendants' conduct, as described above, was intentional, willful, wanton, and/or reckless, and was conducted with deliberate indifference to plaintiff's rights.

35. As a result of defendants' conduct as described above, plaintiff has experienced and continues to experience personal hardship, including loss of compensation and emotional distress.

**WHEREFORE**, Plaintiff, Ahmed Aboudekika demands judgment against individual defendants as follows:

- A. For compensatory damages, including back pay, compensation for past and future monetary and non-monetary losses, and/or front pay in lieu of reinstatement;
- B. For punitive damages;
- C. For attorney's fees and costs pursuant to 42 U.S.C. §1988; and
- D. For all other appropriate relief.

> BARRY, CORRADO, GRASSI & GIBSON, P.C.
> Attorney for Plaintiffs
>
> BY: _____
> JOSEPH C. GRASSI, ESQ.

Dated: 10/13/10

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

> BY: _____
> JOSEPH C. GRASSI, ESQ.

Dated: 10/13/10

7

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, JOSEPH C. GRASSI, ESQ. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated: 10/13/10

BY: _____
    JOSEPH C. GRASSI, ESQ.

## CERTIFICATION

JOSEPH C. GRASSI, ESQ., of full age, certifies:

1. BARRY, CORRADO, GRASSI & GIBSON, P.C. has been retained to represent plaintiff, AHMED ABOUDEKIKA, in connection with the within matter. I am the attorney in charge of the case.
2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.
3. There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
JOSEPH C. GRASSI

DATED: 10/13/10

8

<u>Appendix XII-B1</u>



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐CK ☐CG ☐CA |
| CHG/CK NO.: | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Joseph C. Grassi, Esquire | (609) 729-1333 | Cape May |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Barry, Corrado, Grassi & Gibson, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 2700 Pacific Avenue<br>Wildwood, NJ 08260 | Complaint and Jury Demand |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ahmed Aboudekika | Ahmed Aboudekika v. Delaware River and Bay Authority; James Gillespie; and John Does 1-10 (as yet unknown and unidentified municipal, county or state officials, supervisors, agents or employees or entities) |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 005 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒YES ☐NO | IF YES, IS THAT RELATIONSHIP | ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO | |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED? ☐YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

ATTORNEY SIGNATURE: Joseph C. Grassi, Esquire
Attorney for Plaintiff

| SIDE 2  | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial pleadings (not motions) under *Rule* 4:5-1 |
|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES
- 620 FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 Zelnorm
- 285 Stryker Trident Hip Implants

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold    ☐ Putative Class Action    ☐ Title 59

Revised Effective 9/2009, CN 10517